IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RAMON HERNANDEZ, | § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 2:10-CV-0243-J |
| BOB MILLS FURNITURE CO. OF TEXAS, LP, a Texas Limited Partnership, | § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Hernandez's *Motion to Certify Class for Order Authorizing Notice to Potential Plaintiffs Similarly Situated Pursuant to 29 U.S.C. § 216(b)*, filed on February 3, 2001.

Hernandez brings this action under the FLSA (Fair Labor Standards Act), 29 U.S.C. § 216(b), and alleges that Bob Mills' method of payment failed to compensate him and others similarly situated for overtime work, specifically that: Bob Mills regularly deducted thirty minutes each day from Hernandez's paycheck for unpaid lunch breaks and required Hernandez to work through lunch; Bob Mills unlawfully and arbitrarily calculated pay on the basis of defaults on the time system regardless of actual work time; and Bob Mills unilaterally altered the hourly time by manipulating the time-keeping system.

In the current Motion, Hernandez asserts that he has reason to believe Bob Mills failed to pay others similarly situated for overtime hours worked at both Bob Mills' Amarillo and Oklahoma City facilities. He asks the Court to certify a class of similarly situated employees and authorize notice to all potential class members.

1

## **STANDARD**

An action under the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party . . . ." 29 U.S.C. § 216(b). A representative suit under the FLSA utilizes an 'opt in' procedure wherein other employees do not become plaintiffs until they consent in writing to join the suit. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008).

District courts have discretion to facilitate notice to potential plaintiffs in implementing collective action procedures. *See, e.g., Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *Songer v. Dillon Resources, Inc.*, 569 F.Supp.2d 703, 705 (N.D.Tex. 2008). The plaintiff bears the burden of proving that notice is appropriate and that a class of similarly situated employees exists. *Aufleger v. Eastex Crude Co.*, 2006 WL 2161591 at *1 (N.D.Tex. 2006). In determining whether a class of similarly situated employees exists, two approaches have been used. *Mooney v. Aramco Services Co.*, 54 F.3d 1207 (5th Cir. 1995), *overruled on other grounds by Desert Palace v. Costa*, 539 U.S. 90 (2003).

The first approach uses a two-step analysis to answer the "similarly situated" inquiry. The first step is that the district court makes a decision on whether to authorize notice based only on the pleadings and any affidavits. This step results in "conditional certification" of a class. The second step is generally precipitated by a motion for "decertification" after discovery has been completed. If the claimants are found not to be similarly situated, the court can at that time

decertify the class and dismiss the opt-in plaintiffs without prejudice. *Mooney*, 54 F.3d at 1213–1214; *Songer*, 569 F.Supp.2d at 706.

The second approach treats the "similarly situated" inquiry as coextensive with Rule 23 class certification, looking at "numerosity," "commonality," "typicality," and "adequacy of representation" to determine whether a class should be certified. *Mooney*, 54 F.3d at 1214; *Songer*, 569 F.Supp.2d at 706.

The Fifth Circuit has not explicitly adopted either test. *See, e.g., Songer*, 569 F.Supp.2d at 706; *Eggelston v. Sawyer Sportsbar, Inc.*, 2010 WL 2639897 (S.D.Tex. 2010).

However, most courts use the first (two-step) approach. *See, e.g., Mooney*, 54 F.3d at 1213–1214; *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 n. 2 (5th Cir. 2008); *Songer*, 569 F.Supp.2d at 706; *Eggelston*, 2010 WL 2639897; *Badgett v. Texas Taco Cabana, L.P.*, 2006 WL 2934265 (S.D.Tex. 2006); *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL 1023161 (N.D.Tex. 2002).

Because most courts in this Circuit have adopted this approach, and because both parties accept it, this Court will use the two-step approach.

In the first step, the granting of "conditional certification," the plaintiff has the burden of showing that there are other employees who are "similarly situated." *Songer*, 569 F.Supp.2d at 706. "While the plaintiff['s] burden at this stage is not onerous, neither is it invisible." *Id.* (citation omitted). The plaintiff must provide substantial allegations of a single policy of discrimination, and the court may consider such factors as whether or not potential plaintiffs have been identified, whether those potential plaintiffs submitted affidavits, and whether evidence of a widespread discriminatory plan has been presented. *Id.* (citation omitted). *See also, Stiles v. FFE Transp. Services, Inc.*, 2010 WL 935469 at *2 (N.D.Tex. 2010) (citation

omitted). It is the plaintiff's burden to show that the proposed class of employees is similarly situated with respect to job requirements and pay provisions. *See Vacho v. Dallas Cnty. Hosp. Dist.*, 574 F.Supp.2d 618, 621 (N.D.Tex. 2008).

Although court-facilitated notice can ensure that information is timely and accurate, the Court has a responsibility to avoid unwarranted solicitation and undue burden to an employer. *Id.* at 622. Thus, the Court should be satisfied that there are other similarly situated employees before granting certification. *Id.*

## DISCUSSION

Hernandez alleges that, to his belief, less than twenty potential opt-in plaintiffs exist. He alleges that all of the questions of fact presented by this case are common to Bob Mills' practice of deducting thirty minutes from workers' pay and requiring them to work through lunch. Hernandez also alleges that Bob Mills did not accurately keep track of the time in controversy and that the central legal question of whether Bob Mills' practice is compensable under the FLSA is common to the non-exempt hourly or other mis-classified workers. Hernandez further argues that most of Bob Mills' affirmative defenses are common to the class, as well.

In a declaration attached to the Motion, Hernandez declares that "this same thing happened to Reginald Bryant and Frederick Sledge who worked with me at Bob Mills." Hernandez makes no mention of any other potential plaintiffs.

Hernandez attaches no other affidavits. Hernandez offers no evidence that any potential plaintiff would actually opt-in to this litigation if given the chance. Hernandez offers no evidence confirming the existence of a widespread discriminatory payment scheme, such as payroll records or affidavits from anyone with firsthand knowledge of Bob Mills' billing

4

practices. Other than his allegations, Hernandez offers no evidence related to the billing practices at Bob Mills' Oklahoma City facility.

Additionally, Hernandez was employed as a delivery driver with Bob Mills. As such, he did not clock in and out for lunch; his lunch break was instead to be automatically deducted from his hours. Other hourly workers at Bob Mills' facilities – including warehouse workers, cashiers, and reception employees – are required to clock in and out for lunch. Hernandez attempts to certify a class consisting of all hourly employees but has failed to show how the other categories of hourly employees are similarly situated.

Hernandez has not provided the Court with sufficient evidence to conditionally certify a class. Plaintiff Hernandez's *Motion to Certify Class for Order Authorizing Notice to Potential Plaintiffs Similarly Situated Pursuant to 29 U.S.C. § 216(b)* is hereby **DENIED**. The Court notes that this denial is without prejudice to re-filing if and when Hernandez obtains sufficient evidence to warrant certification.

IT IS SO ORDERED.

Signed this 15th day of March, 2011.

**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**